**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Steve Podkulski

   v.                                                    Civil No. 11-cv-102-JL

Jane Doe et al.

**O R D E R**

Before the court is pro se plaintiff Steve Podkulski's First Amended Complaint (doc. no. 23), two discovery motions (doc. nos. 25 and 26), and a motion for appointment of counsel (doc. no. 30).

I. Discovery Motions

Federal Rule of Civil Procedure 26(d)(1) permits the parties in this case to engage in discovery before meeting to agree upon a discovery plan. See Fed. R. Civ. P. 26(a)(1)(B)(iv) (actions filed by pro se inmates are exempt from initial disclosure requirements); Fed. R. Civ. P. 26(d)(1) (discovery moratorium does not apply to cases exempted from initial disclosure requirements). The local and federal rules of procedure generally prohibit parties from filing discovery requests and responses without the court's leave, unless accompanied by a discovery motion. See Fed. R. Civ. P. 5(d)

("discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing"); LR 37.1 (regarding form of discovery motions).

The discovery "motion[s]" filed by this pro se plaintiff (doc. nos. 25 and 26) may have been intended to be discovery requests, which can be served without notice to the court. To the extent that the motions seek a court order to compel responses, however, the motions are premature; defendants did not have time to respond to the requests served upon them before the motions were filed, and the parties did not have an opportunity to resolve issues without the court's intervention. See Fed. R. Civ. P. 37(a). Therefore, plaintiff's discovery motions (doc. nos. 25 and 26) are denied.

II.   Motion for Appointment of Counsel (doc. no. 30)

Podkulski seeks appointed counsel because, he asserts, he is unable to pay for an attorney, he has limited knowledge of the law, and his incarceration out of state hinders his ability to engage in discovery or investigate his claims. There is, however, no absolute constitutional right to free legal representation in a civil case. See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998). Rather, appointment of counsel in a civil case is discretionary, see 28 U.S.C.

§ 1915(d).  Failing to appoint counsel in a civil case may constitute an abuse of discretion if the indigent litigant demonstrates that exceptional circumstances exist, such that fundamental unfairness impinging upon his or her right to due process is likely to result if counsel is not appointed.  See King, 149 F.3d at 14 (citing DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)).

Here, Podkulski has demonstrated an ability to draft cogent filings, to state plausible claims, to describe facts relevant to his claims, and to draft discovery requests.  No evidentiary hearings have been scheduled in this case.  Podkulski's assertions regarding his out-of-state imprisoned status, inexperience, and lack of funds are insufficient to demonstrate that, without court-appointed counsel, he is likely to suffer any fundamental unfairness or due process violation.  Therefore, an appointment of counsel is not warranted at this time.  Accordingly, the motion for appointment of counsel is denied without prejudice to Podkulski renewing the motion if changed circumstances warrant the appointment of counsel.

III. Preliminary Review of First Amended Complaint

For reasons stated in a report and recommendation issued on this date, the court directs service of the top bunk endangerment claim, set forth in the First Amended Complaint

(doc. no. 23), against Officer FNU Donovan and Sgt. FNU Ballis, in their individual capacities.  Additionally, the court directs Officer Barbera to respond to the human waste endangerment claim, and directs Barbera and Sgt. Gordon, in their individual capacities, to respond to the excessive force and First Amendment retaliation claims in the First Amended Complaint (doc. no. 23).

## Conclusion

For the foregoing reasons:

1.   The discovery motions (doc. nos. 25 and 26) are denied.

2.   The motion for appointment of counsel (doc. no. 30) is denied without prejudice to Podkulski renewing the motion if changed circumstances warrant the appointment of counsel.

3.   The clerk's office is directed to prepare and issue summonses for HCDC Sergeant FNU Ballis and HCDC Officer Donovan, at the Hillsborough County House of Corrections, 445 Willow Street, Manchester NH.  The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint (doc. no. 1); the First Amended Complaint (doc. no. 23); the report and recommendation issued December 20, 2011 (doc. no. 13); the order

4

issued April 18, 2012 (doc. no. 27) (approving that Report and Recommendation); the report and recommendation issued on this date; and this order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve process on each defendant. See Fed. R. Civ. P. 4(c)(3). Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

4. Officer Barbera is directed to file a response to the human waste endangerment claim, asserted in the First Amended Complaint (doc. no. 23), within fourteen days of the date of this Order.

5. Sgt. Gordon and Officer Barbera are directed to file their answer to the excessive force and First Amendment retaliation claims asserted in the First Amended Complaint (doc. no. 23), within fourteen days of the date of this Order.

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

May 3, 2012

cc: Steve Podkulski, pro se
    John Curran, Esq.

LBM:nmd

5