UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Steve Podkulski</u>

   v.                                          Civil No. 11-cv-102-JL

<u>Jane Doe et al.</u>

**REPORT AND RECOMMENDATION**

     Before the court is pro se plaintiff Steve Podkulski's Second Amended Complaint (doc. no. 36), which asserts claims against Sgt. Kristin Balles, Officer Ryan Donovan, Officer FNU Hujsak, Sgt. Todd Gordon, Officer Jason Barbera, a John Doe Corrections Officer, and a John Doe Sergeant at the Hillsborough County Department of Corrections ("HCDC").  Defendants Balles, Gordon, and Barbera have filed an objection (doc. no. 38) to the Second Amended Complaint.

**Preliminary Review Standard**

     The magistrate judge conducts a preliminary review of all inmate complaints and amendments thereto.  <u>See</u> 28 U.S.C. § 1915A; United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(2) (inmate complaints and subsequent amendments forwarded to magistrate judge for preliminary review).  The magistrate judge may direct service of the amended

pleading, or, as appropriate, recommend to the district judge that one or more claims be dismissed if:  the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the pleading fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. §§ 1915(e)(2) and 1915A(b); LR 4.3(d)(2).

In determining whether a pleading states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

**Background**

The factual background in this case is summarized in the court's May 5, 2012, report and recommendation (doc. no. 31), concerning Podkulski's first amended complaint, and that summary need not be repeated.  The procedural history that was not reported in the May 5 report and recommendation (doc. no. 31) is set forth below.

Pursuant to LR 4.3(d)(2), the court conducted a preliminary review of Podkulski's first amended complaint (doc. no. 23), which was filed in response to an order granting him leave to do so. On May 3, 2012, the court issued an order (doc. no. 32) directing service of that complaint on Sgt. Todd Gordon and Officers Balles, Barbera, and Donovan. A report and recommendation (doc. no. 31), also issued on May 3, 2012, recommended the dismissal of the remaining claims asserted in the amended complaint. The district judge subsequently accepted the May 3, 2012, report and recommendation and dismissed claims against Officer Hujsak, including a retaliation claim based on the hearing officer's reprimand and warning. See Order (doc. no. 37).

Podkulski filed his second amended complaint (doc. no. 36) on June 4, 2012, several days after defendants Balles, Gordon, and Barbera had answered the first amended complaint (doc. no. 34).[1] Defendants have filed an objection (doc. no. 38) to the second amended complaint.

---

[1] Counsel for defendants Balles, Gordon, and Barbera has asserted that Officer Donovan is no longer employed by the HCDC and has not been served. The court, on this date, has issued an order directing that Donovan be served with process, using an updated address for Donovan filed by defendants under seal.

**Claims**

The court finds that the claims stated in the second amended complaint (doc. no. 36) are as follows:

1. Defendants are liable under 42 U.S.C. § 1983 for violating Podkulski's Fourteenth Amendment right to humane conditions of confinement in that:

    (a) Sgt. Balles and Officer Donovan, on November 17, 2010, aware that Podkulski could have seizures, ordered him to sleep on the top bunk, which resulted in Podkulski injuring his back and neck when he fell to the floor that night; and

    (b) Officer Barbera and an unidentified "John Doe" officer, told by Podkulski that his cell was contaminated with another inmate's fecal matter and urine, refused Podkulski's request either to be moved to another cell or to clean up his cell, which caused Podkulski to be exposed to human waste for four days, from November 21 to 24, 2010, and the same John Doe officer prepared a false report indicating that Podkulski had been removed from the cell and that the cell had been disinfected, when neither event had occurred.

2. Defendants are liable under 42 U.S.C. § 1983 for retaliating against Podkulski for exercising his First Amendment rights, in that:

    (a) Officer Hujsak filed a disciplinary report asserting three charges against Podkulski on November 18, 2010, in response to Podkulski's grievances, and a hearings officer found Podkulski guilty of the charges, reprimanded Podkulski, and warned him not to file further grievances, or he would end up in segregation;

    (b) an unnamed "John Doe" male sergeant who was Hujsak's supervisor threatened to place Podkulski in segregation and to beat "the shit out of" him if he filed grievances;

>    (c) Sgt. Gordon, with the assistance of Officer
>    Barbera, struck and maced Podkulski for telling other
>    inmates how to file grievances and lawsuits;
>
>    (d) the three grievances filed by Podkulski "vanished"
>    after he submitted them, and their disappearance was
>    intended to interfere with Podkulski's ability to
>    exhaust his administrative remedies;
>
>    (e) Podkulski was exposed to human waste in his cell
>    for four days in retaliation for filing grievances; and
>
>    (f) each of these acts was part of a coordinated plan,
>    initiated by Officer Hujsak, to retaliate against
>    Podkulski for exercising his First Amendment rights.
>
> 3.   Defendants are liable to Podkulski under 42 U.S.C.
> § 1983, in that Sgt. Gordon, with the assistance of Officer
> Barbera, assaulted Podkulski, and subjected him to
> excessive force in violation of his Fourteenth Amendment
> due process rights, by striking and macing Podkulski on
> November 21, 2010.

The second amended complaint asserts new facts and adds new theories of liability to this case. The new pleading includes all of the claims stated in the first amended complaint, including those that the district judge dismissed for failure to state a claim when it approved the magistrate judge's May 2012 report and recommendation (doc. no. 31). See Order (doc. no. 37) (approving report and recommendation). The second amended complaint differs from the first amended complaint in that:

- Claim 1(b) in the second amended complaint alleges that a John Doe officer prepared a false report regarding the disinfection of Podkulski's cell;

- Claim 2(a) in the second amended complaint adds allegations regarding the number and type of disciplinary charges filed against Podkulski by Officer Hujsak;

5

- Claim 2(b) in the second amended complaint specifies that the unnamed "John Doe" sergeant was Hujsak's supervisor;

- Claim 2(d) above, regarding the disappearance of grievances constituting retaliation, is a new claim;

- Claim 2(e) above, regarding Podkulski's exposure to human waste being a retaliatory act, is a new claim; and

- Claim 2(f) above, regarding the existence of a coordinated plan to retaliate against Podkulski, is a new claim.

In other respects, the first and second amended complaint are substantially the same.

**Discussion**

I. <u>Standard for Preliminary Review of Amended Complaint</u>

The relevant legal standard applied by this court in reviewing a complaint amendment, filed by a pro se prisoner, is set forth in full in this court's prior report and recommendations (doc. nos. 13 and 31), and need not be repeated here. The application of that law to the new facts alleged in the second amended complaint, with respect to Podkulski's new allegations and claims, is set forth more fully below.

II. <u>Claims Previously Served (Claims 1(a)-(b), 2(c) and 3)</u>

In the May 5 report and recommendation (doc. no. 31), the court found that Podkulski stated sufficient facts to support the claims identified above as: 1(a), 1(b), 2(c), and 3. Those

claims were served upon defendants through service of the first amended complaint.

Podkulski has restated Claims 1(a), 1(b), 2(c), and 3 in the second amended complaint. He has added to Claim 1(b) an allegation that a John Doe officer prepared a false report about cleaning the cell and removing Podkulski from the cell. In an order issued on this date, the court has directed defendants to file their response to the second amended complaint, addressing the same claims and the new allegations in the second amended complaint.

III. Retaliation

    A.    Claim 2(a)

Claim 2(a) above asserts that Officer Hujsak allegedly retaliated against Podkulski by filing a disciplinary report in response to Podkulski's grievances. In the order accepting the May 5 report and recommendation, the district judge dismissed that claim, finding that the first amended complaint failed to allege facts showing a non-de minimis adverse act as to Hujsak. See Order (doc. no. 37).

In an attempt to bolster this claim, Podkulski now asserts that there were three charges in the disciplinary report: abuse of privileges, false statements, and a third charge. The new allegations do not alter the material facts underlying the

claim, and, for the reasons stated in the May 5 report and recommendation previously accepted by the district judge, Claim 2(a) in the second amended complaint should be dismissed.

B.   John Doe Sergeant (Claim 2(b))

In the May 5 report and recommendation (doc. no. 31), the court identified an actionable retaliation claim, asserting that an unnamed John Doe sergeant threatened to beat up Podkulski for filing grievances, but recommended dismissal of that claim without prejudice because Podkulski had failed to name a defendant to that claim.  The district judge accepted that recommendation.  See Order (doc. no. 37).  Claim 2(b) in the second amended complaint restates the previous claim, adding an allegation that the sergeant was Officer Hujsak's supervisor, without naming him.

The court notes that Podkulski is no longer incarcerated in this state, and that any efforts to obtain the sergeant's name outside of the discovery process will be complicated by his out-of-state incarceration.  To provide Podkulski with an opportunity to obtain the name of the sergeant at issue through discovery, the court reconsiders its prior recommendation and directs service of Claim 2(b) upon a John Doe sergeant in an order issued on this date.  See Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 597 (1st Cir. 2011); see also Martínez-

Rivera v. Sánchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007) (plaintiff may sue unnamed party where good-faith investigation has failed to reveal defendant's identity and discovery is likely to provide that information).

### C. Claim 2(d)

Claim 2(d) is a new claim, alleging that the disappearance of grievances that Podkulski filed was a retaliatory act, designed to deter him from exercising his First Amendment rights to petition the government for the redress of grievances. The alleged act of making grievances disappear after they have been filed, even if undertaken with an intent to inhibit a prisoner's ability to file a lawsuit, is not an action that is likely to dissuade a prisoner of ordinary firmness from exercising his First Amendment rights. See Stone v. Curtin, 1:11-CV-820, 2011 WL 3879505, *4 (W.D. Mich. Aug. 31, 2011) ("failure to process a prison grievance would not deter a person of ordinary firmness from exercising his First Amendment right to file a grievance," given, among other things, that "even if Plaintiff was improperly prevented from having his grievance heard, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file . . . institutional grievances"). Therefore, the vanishing of the grievances does not form the

9

basis of an actionable claim asserting retaliation for the exercise of First Amendment rights, and Claim 2(d) should be dismissed.

    D.    <u>Claim 2(e)</u>

Podkulski asserts, as a new claim in the second amended complaint, that he was left in a cell contaminated with human waste for four days, from November 21 through November 24, 2011, in retaliation for filing grievances.  Podkulski alleges that Officer Barbera and a John Doe officer failed to remove him from the cell or clean it after Podkulski complained, and that they told him: "This is what you get."  In the May 5 report and recommendation, this court found that Podkulski had stated an actionable endangerment claim with respect to the same factual allegations.

The same allegations, restated in the second amended complaint, construed along with Officer Barbera's allegedly hateful comments about "grievance filers" and participation in an alleged retaliatory beating on the same day, are sufficient to state an actionable claim that Officer Barbera refused to clean the cell or remove Podkulski from it for four days, in retaliation for Podkulski's filing grievances.  Accordingly, in an order issued on this date, the court directs defendants,

including Officer Barbera, to respond to the second amended complaint, with respect to Claim 2(e).

    E.    <u>Claim 2(f)</u>

Podkulski asserts as a new claim in the second amended complaint that Officer Hujsak should be held liable for retaliating against him because his conduct was part of a coordinated plan, implemented between November 18 and 24, 2011, to discourage Podkulski from filing grievances and lawsuits. Podkulski alleges that the coordinated plan consisted of (a) Hujsak's disciplinary report, the guilty finding, and the hearings officer's warning; (b) the "John Doe" supervising sergeant's threats; (c) Sgt. Gordon's and Officer Barbera's assault; (d) the vanishing grievances; and (e) Podkulski's exposure to human waste in his cell. Apart from Podkulski's conclusory allegations about the coordination of these discrete events, however, the court finds Podkulski's allegations of a conspiracy insufficient to state a plausible retaliation claim against Hujsak or any other individual, apart from those which this court has directed service in the order issued on this date. <u>See</u> <u>Peña-Borrero v. Estremeda</u>, 365 F.3d 7, 11 (1st Cir. 2004) (noting that "allegations in the complaint directed to conspiracy [that] are wholly conclusory and inadequate, under any pleading standard" justified dismissal of conspiracy claims

11

in § 1983 action). Accordingly, Claim 2(f) should be dismissed as it fails to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, the district court should dismiss Claims 2(a), 2(d), and 2(f), numbered above. All claims asserted against Officer Hujsak should be dismissed.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 11, 2012

cc:  Steve Podkulski, pro se
     John Curran, Esq.

LBM:nmd