UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Steve Podkulski</u>

    v.                                                                    Civil No. 11-cv-102-JL

<u>Jane Doe et al.</u>[1]


**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff Steve Podkulski's motion to amend the complaint (doc. no. 69) and proposed third amended complaint (doc. no. 69-1). No objection has been filed.

**Background**

To date, the claims in this case have arisen out of alleged violations of plaintiff's First and Fourteenth Amendment rights that occurred while he was a pretrial detainee at the Hillsborough County House of Corrections ("HCHC"). Incidents that allegedly occurred at the HCHC from November 17 through

---

[1]Defendants in this action are the following current or former Hillsborough County House of Corrections ("HCHC") officers: Sgt. Todd Gordon, Sgt. Kristin Balles, Corrections Officer ("C.O.") Jason Barbera, former C.O. Ryan Donovan, a "John Doe" sergeant, and a "John Doe" corrections officer. In the proposed third amended complaint (doc. no. 69-1), Podkulski substitutes Sgt. Gordon for the "John Doe" defendant sergeant and names HCHC C.O. Turcotte as the "John Doe" defendant officer.

November 24, 2010, provide the context for the claims that Podkulski asserted previously in this action.

The instant motion (doc. no. 69) seeks to amend those claims by naming responsible parties (Sgt. Todd Gordon and new defendant Officer Turcotte), and by proposing to add new claims and a new defendant (Merrimack Police Department Officer McKinzie), relating to events occurring prior to the events at issue in the claims that have already been served in this case. Podkulski alleges in the proposed complaint amendment that he was in HCHC custody, in pretrial detention, prior to November 17, 2010, under the name "Ronald Podkulski."  Apparently recognizing that an error had occurred, the Merrimack District Court in Merrimack, New Hampshire, on November 17, 2010, dismissed all of the charges pending against "Ronald Podkulski," and plaintiff was released from custody, on the same date.

Plaintiff asserts that several hours later, Merrimack Police Department ("MPD") Officer McKinzie, believing plaintiff was in fact Steve Podkulski and not Ronald Podkulski, arrested him again and questioned him without a lawyer present, as to the same charges that had been dismissed.  After questioning him, MPD officers arranged for Podkulski's return to the HCHC.

Upon Podkulski's return to HCHC, Podkulski alleges, an unnamed HCHC booking officer simply crossed out the name "Ronald

2

Podkulski" on a booking form and filled in "Steve Podkulski," without inquiring as to whether plaintiff required a bottom bunk due to any medical condition. The remaining facts relevant to plaintiff's pre-existing claims are set forth in two report and recommendations issued previously in this case, see Doc. Nos. 31 and 46, and need not be repeated here.

## Claims

The claims asserted in the proposed third amended complaint (doc. no. 69-1) are as follows:

1. Defendants violated Podkulski's Fourteenth Amendment rights to humane conditions of confinement in that:

    (a) Sgt. Kristin Balles and Officer Ryan Donovan, on November 17, 2010, after Podkulski told them he needed to sleep on the bottom bunk because he had a seizure disorder, ordered him to occupy the top bunk, which resulted in Podkulski injuring his back and neck when he fell to the floor that night; and

    (b) Officer Jason Barbera and Officer Turcotte, knowing that Podkulski's cell was contaminated with another inmate's feces and urine, refused his request either to be moved to another cell or to clean up his cell, which caused Podkulski to be exposed to human waste for four days, from November 21 - 24, 2010.

2. Defendants retaliated against Podkulski for exercising his First Amendment rights, in that:

    (a) Sgt. Todd Gordon, on November 18, 2010, threatened to place Podkulski in segregation and to beat him up if he filed grievances;

    (b) On November 21, 2010, Sgt. Gordon, with the assistance of Officer Barbera, struck and maced

3

>   Podkulski for telling other inmates how to file grievances and lawsuits; and
>
>   (c) Officer Barbera caused Podkulski to be exposed to human waste in his cell for four days, from November 21 to 24, 2010, in retaliation for filing grievances.
>
> 3.  Defendants violated Podkulski's Fourteenth Amendment rights in that Sgt. Gordon, with the assistance of Officer Barbera, when they subjected him to excessive force by striking and macing Podkulski on November 21, 2010.
>
> 4.  On November 17, 2010, MPD Officer McKinzie, collaborating with unnamed HCHC staff and Merrimack District Court staff, violated Podkulski's rights under the Sixth, Eighth, and Fourteenth Amendments, by re-arresting him and questioning him, without a lawyer present, on charges that had been dismissed several hours earlier.
>
> 5.  On November 17, 2010, an unnamed "John Doe" officer, collaborating with MPD Officer McKinzie, violated Podkulski's rights under the Sixth and Fourteenth Amendments, by causing Podkulski's improper re-arrest.
>
> 6.  On November 17, 2010, an unnamed "John Doe" HCHC booking officer violated Podkulski's Fourteenth Amendment right to safe and humane conditions of confinement by failing to inquire as to whether Podkulski had a seizure disorder, which resulted in Podkulski's assignment to a top bunk and subsequent injury when a seizure caused him to fall from the bunk.

Claims 1-3, numbered above, are essentially the same claims that this court previously ordered served, with the names of allegedly responsible officers added to Claims 1(b) and 2(a). Claims 4-6 are new claims Podkulski seeks to add to this action.

The court has renumbered Podkulski's claims in this report and recommendation ("June 2013 R&R"). The court, going forward, will identify the claims as they are numbered herein. The chart

4

below clarifies how the claim numbers used here correspond to the claim numbers in the October 11, 2012, report and recommendation ("Oct. 2012 R&R") (doc. no. 46), and in the proposed third amended complaint (doc. no. 69-1):

| Claim # in June 2013 R&R | Claim # in Oct. 2012 R&R (doc. no. 46) | Claim # in (Third) Am. Compl. (doc. no. 69-1) |
|---|---|---|
| 1(a) | 1(a) | 1 |
| 1(b) | 1(b) | 4 |
| 2(a) | 2(b) | 2 |
| 2(b) | 2(c) | 3 |
| 2(c) | 2(e) | 4 |
| 3 | 3 | 3 |
| 4, 5, and 6 | No equivalent | 5, 6, and 7 |

**Discussion**

I.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend the complaint as of right, may amend only with the court's leave, and that the court "should freely give leave when justice so requires."

> "To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15(a)." However, the "same standard of liberality" applies under either Rule.

Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citations omitted); see also Insituform Techs., Inc. v. CAT Contracting, Inc., 385 F.3d 1360, 1372 (Fed. Cir. 2004).

The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the proposed amendment. Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted). In evaluating Podkulski's proposed complaint amendment, the court applies the same standard, see Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (citing Fed. R. Civ. P. 12(b)(6)), that it has applied in the preliminary review of this matter.[2]

II. Claims Previously Served (Claims 1-3)

In the October 11, 2012, Order (doc. no. 45), this court directed service of essentially the same claims that are numbered above as Claims 1-3. The differences do not require this court to reconsider its prior orders. In particular,

- Claim 1(b) differs from the same claim previously served in that a new defendant, C.O. FNU Turcotte, is substituted for the "John Doe" defendant officer. Podkulski has specifically alleged that he told C.O. Turcotte and C.O. Barbera about the contamination, and that they refused to

---

[2] The standard applied here is set forth in full in this court's October 11, 2012, report and recommendation (doc. no. 46).

6

     disinfect the cell or move him to a clean cell.  Podkulski
     has also alleged that Turcotte prepared a false report
     stating that Podkulski had been removed from the cell and
     that the cell had been disinfected, even though neither
     event had occurred.

- Claim 2(a) differs from the same claim previously asserted, in that Sgt. Todd Gordon is identified as the "John Doe" sergeant who allegedly threatened to place Podkulski in segregation and to beat him up for filing grievances.

- Claim 2(c) alleges that C.O. Barbera retaliated against Podkulski for filing grievances by leaving him exposed to another inmate's feces and urine in a cell for four days.

- Claims 1(a), 2(b), and 3 have been renumbered, but not otherwise altered in the proposed third amended complaint.

This court has previously found that Podkulski stated plausible claims for relief in Claims 1-3, numbered above.  Accordingly, Turcotte – a new defendant - should be served, and defendants should be directed to respond to Claims 1-3 numbered above.

III. <u>New Claims</u>

    A.    <u>Arrest and Questioning (Claims 4-5)</u>

Claims 4 and 5, numbered above, purport to describe violations of Podkulski's Sixth, Eighth, and/or Fourteenth Amendment rights with respect to MPD Officer McKinzie's arrest and questioning of Podkulski without counsel present and without a court "writ."  Neither the Eighth Amendment, which protects convicted inmates from cruel and unusual punishment, nor the Fourteenth Amendment, which guarantees an individual due process

7

of law, are implicated with respect to the facts alleged.  Had Podkulski alleged that he was arrested without probable cause or that his questioning resulted in a violation of his right against self-incrimination, such claims would arise under the Fourth and Fifth Amendment.  Podkulski does not allege such facts, or otherwise state plausible claims for relief for violations of his Fourth and Fifth Amendment rights.

Podkulski asserts that his arrest and uncounseled questioning violated his Sixth Amendment right to counsel.  Such a right, however, generally accrues to those charged with a criminal offense and "forbids the government from eliciting incriminating statements from a defendant outside the presence of counsel."  United States v. Mullins, 613 F.3d 1273, 1286 (10th Cir.), cert. denied, 131 S. Ct. 582 (2010).  In general, "there is no Sixth Amendment right to counsel for uncharged offenses," unless the uncharged and charged offenses are deemed to be the same.  Id. (considering whether charged offense and uncharged offense upon which plaintiff was questioned required proof of different facts).

Courts have not found a violation of the Sixth Amendment right to counsel where the interrogation of the individual relates to dismissed charges, absent evidence of "[d]eliberate chicanery by the government intended to subvert an accused's

8

Sixth Amendment rights." United States v. Bartelho, 129 F.3d 663, 675 (1st Cir. 1997); see also United States v. Noble, 364 F. App'x 961, 965 (6th Cir. 2010) (citing cases). Podkulski attempts to claim that the dismissal of the charges against Ronald Podkulski and the later re-arrest and questioning of him on the same charges were the result of a collusive plan to get him to incriminate himself. Podkulski has failed, however, to plead sufficient non-conclusory factual allegations to support a plausible claim of an unlawful conspiracy or deliberate chicanery on the part of any government agent. Therefore, the complaint fails to state a plausible claim for relief with respect to Claims 4 and 5 numbered above, and the motion to amend should be denied to the extent that it seeks to add those claims and to add MPD Officer McKinzie as a new defendant.

    B.    HCHC Booking (Claim 6)

Podkulski alleges in Claim 6 that an HCHC booking officer violated his rights under the Eighth and Fourteenth Amendments by failing both to re-book him properly upon his return to HCHC on November 17, 2010, and to ask specifically whether he had a seizure disorder. To state a claim that Podkulksi's constitutional right to be housed safely was violated, while in custody, Podkulski must plead facts showing that a defendant

acted or failed to act with deliberate indifference to a substantial risk of serious harm to Podkulski.  See Farmer v. Brennan, 511 U.S. 825, 832-34 (1994); see also Mosher v. Nelson, 589 F.3d 488, 493 n.3 (1st Cir. 2009).  Podkulski does not allege facts showing that the booking officer knew of any risk to Podkulski that would result from failing to ask if he had a seizure disorder.  Accordingly, Podkulski has not asserted facts to support a plausible claim that the booking officer was deliberately indifferent to a serious risk to Podkulski's safety.  Accordingly, the court should deny Podkulski's motion to amend to the extent that he seeks to add Claim 6 to this lawsuit.

**Conclusion**

For the foregoing reasons, the district judge should issue the following proposed order, which, among other things, grants in part and denies in part the motion to amend the complaint (doc. no. 69):

> 1. The June 2013 Report and Recommendation ("June 2013 R&R") (doc. no. ___) is approved.
>
> 2. For reasons stated in and to the extent consistent with the June 2013 R&R, the court grants, in part, the motion to amend (doc. no. 69), as follows: (a) Hillsborough County House of Corrections ("HCHC") Sgt. Todd Gordon is substituted as a defendant for the unnamed defendant "John Doe" sergeant in this case; and (b) HCHC

Corrections Officer Turcotte is substituted as a defendant for the unnamed defendant "John Doe" officer in this case.

    3.   The clerk's office is directed to redocket as plaintiff's "Third Amended Complaint," the exhibit appended to the motion to amend (doc. no. 69-1), and to record the filing date for that document as the date of this order. The docket entry for the Third Amended Complaint shall refer to this order.

    4.   The clerk's office shall complete and issue a summons for HCHC Officer FNU Turcotte, using the HCHC's address for service, 445 Willow St., Manchester, NH 03103. The clerk's office shall forward to the United States Marshal for the District of New Hampshire ("U.S. Marshal's office"): the summons; the second amended complaint (doc. no. 36); the October 11, 2012, report and recommendation (doc. no. 46); the November 23, 2012, order (doc. no. 56); plaintiff's motion to amend (doc. nos. 69); the Third Amended Complaint (previously docketed as doc. no. 69-1); the June 2013 R&R (doc. no. ___); and this order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve Turcotte, pursuant to Fed. R. Civ. P. 4(c)(3) and 4(e).

    5.   Turcotte shall answer or otherwise plead in response to the Third Amended Complaint, and to the factual allegations relating to Claims 1-3 in the June 2013 R&R, within twenty-one days of service.

    6.   Defendants Gordon, Balles, Barbera, and Donovan are directed to file their response to the Third Amended Complaint, and to the factual allegations relating to Claims 1-3 in the June 2013 R&R, within fourteen days of the date of this order.

    7.   The court denies the remaining requests set forth in plaintiff's motion to amend (doc. no. 69), specifically, to add Merrimack Police Department Officer McKinzie as a defendant and to add new claims to this case, identified as Claims 4-6 in the June 2013 R&R.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed.

R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 18, 2013

cc: Steve Podkulski, pro se
    John Curran, Esq.

LBM:nmd