UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Steve Podkulski

    v.                                                                Civil No. 11-cv-102-JL

Kristin Balles et al.[1]


**REPORT AND RECOMMENDATION**

    Before the court is pro se plaintiff Steve Podkulski's motion to amend the complaint (doc. no. 69) and proposed third amended complaint (doc. no. 73). On June 18, 2013, this court issued a report and recommendation ("June 18 R&R") (doc. no. 71), recommending that the motion be granted in part and denied in part. Plaintiff's objection to the June 18 R&R has been referred to this court to consider whether the objection would alter the recommendation issued by this court in the June 18 R&R.

---

[1] Defendants who have been served in this action are the following current or former Hillsborough County House of Corrections ("HCHC") officers: Sgts. Kristin Balles and Todd Gordon, Corrections Officer ("C.O.") Jason Barbera, former C.O. Ryan Donovan, a "John Doe" sergeant, and a "John Doe" corrections officer. In the proposed third amended complaint (doc. no. 73), Podkulski substitutes Sgt. Joshua Jordon for a "John Doe" defendant sergeant in Claim 2(a) and C.O. Brian Turcotte for a "John Doe" defendant corrections officer in Claim 1(b).

For reasons stated below, the following revisions to the June 18 R&R are necessary:

- In Claim 2(a), plaintiff alleges that Sgt. Joshua Jordan, not Sgt. Todd Gordon, is the defendant responsible for threatening him on November 18, 2010.  Claim 2 is therefore revised and clarified by adding the underlined words and deleting the strike-outs, as indicated below:

    > 2.   Defendants retaliated against Podkulski for exercising his First Amendment rights, in that:
    >
    > (a) Sgt. ~~Todd Gordon~~ <u>Joshua Jordan</u>, on November 18, 2010, threatened to place Podkulski in segregation and to beat him up if he filed grievances;
    >
    > (b) On November 21, 2010, Sgt. <u>Todd</u> Gordon, with the assistance of Officer Barbera, struck and maced Podkulski for telling other inmates how to file grievances and lawsuits; and
    >
    > . . . .

- Claims 5 and 6 are amended by adding the underlined words and deleting the strike-outs, as indicated below:

    > 5.   On November 17, 2010, an unnamed "John Doe" officer, collaborating with Merrimack Police Department Officer McKinzie, violated Podkulski's rights under <u>(a) the Fifth Amendment's Double Jeopardy Clause, and (b)</u> the Sixth and Fourteenth Amendments, by causing Podkulski's improper re-arrest.
    >
    > 6.   On November 17, 2010, an unnamed "John Doe" HCHC booking officer violated Podkulski's <u>(a)</u> Fourteenth Amendment right to safe and humane conditions of confinement; <u>(b) First Amendment right to free speech; (c) Eighth Amendment right not to be subjected to</u>

> cruel and unusual punishment; and (d) statutory right not to be discriminated against on the basis of a disability, under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, by failing ~~to inquire as to whether Podkulski had a seizure disorder,~~ to notify the HCHC staff that Podkulski needed a new inmate health needs screening, which resulted in Podkulski's assignment to a top bunk and subsequent injury when a seizure caused him to fall from the bunk.

The court this date has directed service of plaintiff's lawsuit upon a new defendant (Sgt. Jordan). The new theories of liability and new sources of rights cited in Claims 5 and 6 require further discussion and analysis, beyond the analysis set forth in the June 18 R&R. That further analysis, however, does not alter this court's ultimate recommendation that the motion to amend be denied to the extent plaintiff seeks to add Claims 4-6 and new defendants relating to his re-arrest and re-booking on November 17, 2010.

In an order issued this date, this court has vacated the June 18 R&R. The instant report and recommendation ("August 2013 R&R") sets forth all of this court's recommendations and proposed findings as to the motion to amend (doc. no. 69).

**Background**

The claims in the original complaint and first and second amended complaints (doc. nos. 1, 23, and 36) assert alleged violations of plaintiff's rights while he was a pretrial

detainee, properly identified as "Steve Podkulski," at the Hillsborough County House of Corrections ("HCHC"), from November 17 through November 24, 2010.  The motion to amend (doc. no. 69) provides additional background facts to clarify his prior claims, names responsible parties (Sgt. Jordan and C.O. Turcotte) in lieu of the John Doe defendants he had previously named, and proposes to add new claims and a new named defendant (Merrimack Police Department Officer McKinzie).

Podkulski alleges in the proposed third complaint amendment that he was a pretrial detainee in HCHC custody prior to November 17, 2010, under the false name, "Ronald Podkulski." Apparently recognizing that an error had occurred, the Merrimack District Court in Merrimack, New Hampshire, on November 17, 2010, dismissed all of the charges pending against "Ronald Podkulski," and plaintiff was released from custody.

Plaintiff asserts that several hours after his November 17 release, Merrimack Police Department ("MPD") Officer McKinzie, believing plaintiff was in fact Steve and not Ronald Podkulski, re-arrested plaintiff and questioned him without a lawyer present, as to the same charges that had been dismissed.  After questioning him, MPD officers arranged for Podkulski's return to the HCHC.

Upon Podkulski's return to HCHC, Podkulski alleges, an unnamed HCHC booking officer simply crossed out the name "Ronald Podkulski" on a booking form and filled in "Steve Podkulski." The unnamed booking officer did not inform the HCHC health unit staff that plaintiff should be subjected to a new inmate health screening.  The remaining facts relevant to plaintiff's pre-existing claims are set forth in two report and recommendations issued previously in this case, see Doc. Nos. 31 and 46, and need not be repeated here.

**Claims**

The claims asserted in the proposed third amended complaint (doc. no. 69-1), are as follows:

1. Defendants violated Podkulski's Fourteenth Amendment rights to humane conditions of confinement in that:

    (a) Sgt. Kristin Balles and Officer Ryan Donovan, on November 17, 2010, after Podkulski told them he needed to sleep on the bottom bunk because he had a seizure disorder, ordered him to occupy the top bunk, which resulted in Podkulski injuring his back and neck when he fell to the floor that night; and

    (b) Officer Jason Barbera and Officer Brian Turcotte, knowing that Podkulski's cell was contaminated with another inmate's feces and urine, refused his request either to be moved to another cell or to clean up his cell, which caused Podkulski to be exposed to human waste for four days, from November 21 - 24, 2010.

2. Defendants retaliated against Podkulski for exercising his First Amendment rights, in that:

5

   (a) Sgt. Jordan, on November 18, 2010, threatened to place Podkulski in segregation and to beat him up if he filed grievances;

   (b) On November 21, 2010, Sgt. Gordon, with the assistance of Officer Barbera, struck and maced Podkulski for telling other inmates how to file grievances and lawsuits; and

   (c) Officer Barbera caused Podkulski to be exposed to human waste in his cell for four days, from November 21 to 24, 2010, in retaliation for filing grievances.

3.  Defendants violated Podkulski's Fourteenth Amendment rights in that Sgt. Gordon, with the assistance of Officer Barbera, subjected Podkulski to excessive force by striking and macing him on November 21, 2010.

4.  On November 17, 2010, Officer McKinzie, collaborating with unnamed HCHC staff and Merrimack District Court staff, violated Podkulski's rights under the Sixth, Eighth, and Fourteenth Amendments, by re-arresting him and questioning him without a lawyer present, on charges that had been dismissed several hours earlier.

5.  On November 17, 2010, an unnamed "John Doe" MPD officer, collaborating with Officer McKinzie, violated Podkulski's rights under (a) the Fifth Amendment's Double Jeopardy Clause, and (b) the Sixth and Fourteenth Amendments, by causing Podkulski's improper re-arrest.

6.  On November 17, 2010, an unnamed "John Doe" HCHC booking officer violated Podkulski's (a) Fourteenth Amendment right to safe and humane conditions of confinement; (b) First Amendment rights; (c) Eighth Amendment right not to be subjected to cruel and unusual punishment; and (d) statutory right not to be discriminated against on the basis of a disability, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, by failing to notify the HCHC staff that Podkulski needed a new inmate health needs screening, which resulted in Podkulski's assignment to a top bunk and subsequent injury when a seizure caused him to fall from the bunk.

Claims 1-3, numbered above, are essentially the same claims that this court previously ordered served, with the names of C.O. Turcotte and Sgt. Jordan added to Claims 1(b) and 2(a).  Claims 4-6 are new claims Podkulski seeks to add to this action.

The court has renumbered Podkulski's claims in this report and recommendation.  The court, going forward, will identify the claims as they are numbered herein.  The chart below clarifies how the claim numbers used here correspond to the claim numbers in the third amended complaint (doc. no. 73):

| Claim # in August 2013 R&R | Claim # in (Third) Am. Compl. (doc. no. 73) |
|---|---|
| 1(a) | 1 |
| 1(b) | 4 |
| 2(a) | 2 |
| 2(b) | 3 |
| 2(c) | 4 |
| 3 | 3 |
| 4, 5, and 6 | 5, 6, and 7 |

**Discussion**

I.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend the complaint as of right,

7

may amend only with the court's leave, and that the court "should freely give leave when justice so requires."

> "To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15(a)." However, the "same standard of liberality" applies under either Rule.

Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citations omitted); see also Insituform Techs., Inc. v. CAT Contracting, Inc., 385 F.3d 1360, 1372 (Fed. Cir. 2004).

The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the proposed amendment. Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted). In evaluating Podkulski's proposed complaint amendment, the court applies the same standard it applied in the October 11, 2012, report and recommendation (doc. no. 46). See also Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (citing Fed. R. Civ. P. 12(b)(6)).

II. Claims Previously Served (Claims 1-3)

In the October 11, 2012, Order (doc. no. 45), this court directed service of essentially the same claims that are numbered above as Claims 1-3, and that are asserted herein

against Sgt. Jordan, C.O. Turcotte, and C.O. Barbera. The differences do not require this court to reconsider its prior orders. This court has previously found that Podkulski stated plausible claims for relief in Claims 1-3. Turcotte and Jordan are thus properly added to this action as new defendants.

Because Barbera and Turcotte have already been served and have filed a joint answer to the third amended complaint along with the remaining defendants, no further court action is necessary as to those defendants. Jordan, however, has not previously been served. Therefore, the court this date has directed service upon Jordan, and provided him twenty-one days to respond to the Third Amended Complaint (doc. no. 73).

III. New Claims

    A. Arrest and Questioning (Claims 4-5)

Claims 4 and 5, as numbered above, purport to describe violations of Podkulski's Fifth, Sixth, Eighth, and/or Fourteenth Amendment rights with respect to Officer McKinzie's arrest and questioning of Podkulski. Whether the allegations state plausible claims for relief is analyzed below.

1.  Sixth Amendment Right to Counsel

Podkulski asserts that his re-arrest and uncounseled questioning on previously dismissed charges violated his Sixth Amendment right to counsel.  "[T]he Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings.  Interrogation by the State is such a stage."  Montejo v. Louisiana, 556 U.S. 778, 786 (2009) (internal citations and quotation marks omitted).  The Sixth Amendment right to counsel accrues when a defendant is charged with a criminal offense and "forbids the government from eliciting incriminating statements from a defendant outside the presence of counsel."  United States v. Mullins, 613 F.3d 1273, 1286 (10th Cir.), cert. denied, 131 S. Ct. 582 (2010).  In general, "there is no Sixth Amendment right to counsel for uncharged offenses," unless the uncharged and charged offenses are deemed to be the same.  Id.

Courts have not found a violation of the Sixth Amendment right to counsel, however, where the interrogation of the individual relates to dismissed charges, absent evidence of "[d]eliberate chicanery by the government intended to subvert an accused's Sixth Amendment rights."  United States v. Bartelho, 129 F.3d 663, 675 (1st Cir. 1997); see also United States v. Noble, 364 F. App'x 961, 965 (6th Cir. 2010) (citing cases).

10

Plaintiff Steve Podkulski attempts to claim that the dismissal of the charges against "Ronald Podkulski" and the later re-arrest and questioning of plaintiff on the same charges were the result of a collusive plan to get him to incriminate himself. Podkulski has failed, however, to allege sufficient non-conclusory facts to support a plausible claim of an unlawful conspiracy or deliberate chicanery by any defendant, with respect to the dismissal and re-arrest.  Therefore, the third amended complaint fails to state a plausible Sixth Amendment claim based on the alleged questioning without counsel.  The motion to amend should be denied to the extent it seeks to add such a claim.

        2.    <u>Double Jeopardy Clause</u>

Podkulski further asserts that his re-arrest and pretrial confinement at the HCHC violated his rights under the Fifth Amendment Double Jeopardy Clause.  Jeopardy generally does not attach, however, until a criminal defendant is subjected to trial before a factfinder.  <u>See</u> <u>Serfass v. United States</u>, 420 U.S. 377, 388 (1975).  Here, the facts alleged do not suggest that jeopardy had attached prior to the charges against Ronald Podkulski being nol prossed on November 17, 2010.  Accordingly, the re-arrest of Podkulski did not violate the Double Jeopardy

Clause. The motion to amend should therefore be denied to the extent that it seeks to add such a claim.

### 3. Remaining Theories in Claims 4 and 5

Neither the Eighth Amendment, which protects convicted inmates from cruel and unusual punishment, nor the Fourteenth Amendment, which guarantees an individual due process of law, are implicated with respect to the facts alleged in Claims 4 and 5, asserted against Officer McKinzie and unnamed others. Podkulski has not alleged that he was arrested without probable cause, or that his questioning resulted in a violation of his right against self-incrimination, and has thus failed to assert claims under the Fourth and Fifth Amendments. The motion to amend should be denied to the extent that it seeks to add Claims 4 and 5, and to add Officer McKinzie as a new defendant.

### B. HCHC Booking (Claim 6)

Podkulski alleges in Claim 6 that an HCHC booking officer violated his rights under the First, Eighth, and Fourteenth Amendments, and the ADA, by failing both to re-book him as a new inmate upon his return to HCHC on November 17, 2010, or to notify the HCHC health unit that he should be subjected to a new inmate health screening. Those claims are analyzed below.

1.   Conditions of Confinement Claims

To state a claim that the Fourteenth Amendment right to be housed safely was violated while Podkulski was in pretrial custody, Podkulski must plead facts showing that a defendant acted or failed to act with deliberate indifference to a substantial risk of serious harm to him.  See Farmer v. Brennan, 511 U.S. 825, 832-34 (1994); see also Mosher v. Nelson, 589 F.3d 488, 493 n.3 (1st Cir. 2009) (same standard applies to pretrial detainee's conditions of confinement claim under Fourteenth Amendment and to convicted prisoner's Eighth Amendment claim). Podkulski does not allege facts plausibly supporting a claim that the booking officer or any other HCHC staff member knew that the failure to provide him with a new health screening upon his return to the HCHC on November 17, 2010, just after he had been released from that facility, would result in a serious risk of harm to Podkulski, or that such a risk was obvious under the circumstances.  Accordingly, plaintiff has not asserted sufficient facts to state a claim that the booking officer's conduct violate Podkulski's right to safe and humane conditions of confinement.  Accordingly, the court should deny Podkulski's motion to amend to the extent that he seeks to add Claims 6(a) and 6(c) to this lawsuit.

### 2. Remaining Theories of Liability in Claim 6

Podkulski asserts that the failure of the booking officer to treat him as a new inmate and to refer him for a new inmate health screening violated the First Amendment and his rights under the ADA. Podkulski has failed to allege any facts, however, showing how the officer's conduct infringed upon any right enumerated in the First Amendment, or violated any rights accruing to him under the ADA. Accordingly, the motion to amend should be denied to the extent that Podkulski seeks to add a First Amendment claim or an ADA claim to this action.

**Conclusion**

For the foregoing reasons, the district judge should grant in part and deny in part the motion to amend the complaint (doc. no. 69). Specifically, the motion should be granted to the extent that the new allegations in the Third Amended Complaint (doc. no. 73) are added to this action, and to the extent that defendants Turcotte and Jordan are added as defendants to Claims 1(b) and 2(a). The district judge should deny the motion (doc. no. 69) in all other respects, thereby ruling that Officer McKinzie, the unnamed booking officer, and other unnamed

individuals described in Claims 4-6 will not be joined as defendants, and Claims 4-6 will not be added to this case.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 14, 2013

cc: Steve Podkulski, pro se
    John Curran, Esq.

LBM:nmd