UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steve Podkulski

   v.                                                Civil No. 11-cv-102-JL

Kristin Balles et al.

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Steve Podkulski's Motion for Leave to File Fifth Amended Complaint (doc. no. 128). Podkulski seeks to add new claims and new defendants to this action. Defendants object. See Objection (Doc. No. 130).

**Discussion**

I. Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend the complaint as of right may amend only with the court's leave, and that the court "should freely give leave when justice so requires." A proposed amendment seeking to add new parties "is technically governed by [Federal Rule of Civil Procedure] 21," but the "same standard of liberality" applies under either rule. Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010)

(citations omitted). The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the proposed amendment, Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted), and undue delay, see Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390-91 (1st Cir. 2013).

## II. Futility

In evaluating the futility of a proposed amendment offered by a pro se plaintiff, this court considers whether the plaintiff has stated a claim, applying the same standard applied in the preliminary review of a pro se complaint. See generally Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (applying Rule 12(b)(6) standard to determine if proposed amendment is futile). In this case, the relevant standard is set forth in the October 11, 2012, Report and Recommendation, see Podkulski v. Doe, No. 11-CV-102-JL, 2012 WL 5893487 (D.N.H. Oct. 11, 2012), ECF No. 46, report and recommendation approved, No. 11-CV-102-JL, 2012 WL 5893478 (D.N.H. Nov. 23, 2012), ECF No. 56.

Podkulski's proposed complaint seeks to add claims to this action, denominated in Document No. 128 as Allegations 5 to 10, based on alleged violations of his rights under the First,

Fourth, Fifth, Sixth, Eight, Eleventh, and/or Fourteenth Amendments.  Allegations 5, 8, and 9 assert essentially the same facts that this court previously deemed insufficient to state a claim under § 1983, when Podkulski sought to add similar claims through his third amended complaint.  See Podkulski v. Balles, No. 11-CV-102-JL, 2013 WL 4403856, *4-*6 (D.N.H. Aug. 14, 2013), ECF No. 81, report and recommendation adopted, No. 11-CV-102-JL, 2013 WL 5806289 (D.N.H. Oct. 25, 2013), ECF No. 87.  Podkulski's renewed attempt to add such claims or to recycle the same allegations by relying on a different set of federal constitutional rights is properly denied for the same reasons previously cited by the court.  See id.

    Allegation 6 asserts facts about a nurse who told Podkulski to file a request slip for a bottom bunk when he reported to her twice (once at 6 p.m. and once at 8 p.m.) that he had a seizure disorder.  The complaint further asserts that inmates may wait days before request slips are answered.  The complaint, however, does not allege facts that demonstrate or give rise to any reasonable inference that the nurse was subjectively aware that a request slip submitted in the evening for a bottom bunk due to a seizure order would not be promptly addressed, or that requiring the request to be submitted in writing otherwise

presented a substantial risk of serious harm to Podkulski.

Stripped of legal conclusions, the complaint fails to state any claim for relief for a conspiracy among state court employees, municipal agents and police officers, and Hillsborough County as asserted in Allegation 7.  Similarly, when stripped of legal conclusions, the complaint fails to state any cognizable claim of a violation of Podkulski's right to adequate medical care for a serious medical need while incarcerated, as asserted in Allegation 10, based on the actions of unnamed Hillsborough County Department of Corrections medical providers implementing unspecified HCDOC policies and procedures.  Accordingly, the proposed complaint amendment is futile, and the motion to amend should be denied on that basis.

III. Undue Delay

This court further notes that Podkulski has failed to show a valid reason for the length of time it has taken him to seek leave to add new claims and defendants to this action.  Undue delay warranting denial of a motion to amend the complaint may be found when "'a considerable period of time has passed between the filing of the complaint and the motion to amend,'" and the movant fails to offer a "'valid reason for his neglect and delay.'"  Nikitine, 715 F.3d at 390 (citation omitted).

Plaintiff asserts that his new claims were not in the complaint because he became aware of the grounds for those claims only after obtaining pertinent information through discovery from defendants and from the state courts.

Plaintiff has not filed any documentary exhibits to support his assertions regarding the reasons for the delay or to show why he failed to assert the claims at issue a year ago, when he received the discovery he now asserts provided him with grounds for his claims.  The similarity of the claims at issue in this motion to claims previously asserted in this case belie his assertions that any delay in his receipt of discovery justified the late filing of the motion to amend the complaint.  Accordingly, Podkulski's motion for leave to file a fifth amended complaint (doc. no. 128) is subject to dismissal based on both futility and undue delay.

### Conclusion

For the foregoing reasons, the motion for leave to file a fifth amended complaint (doc. no. 128) should be denied.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the

specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 8, 2014

cc:  Steve Podkulski, pro se
     John Curran, Esq.